IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| EMERALD CASINO, INC., | ) | Case No. 02 B 22977 |
| | ) | Chief Judge Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | **Hearing Date and Time:** |
| | ) | **May 10, 2005, at 9:30 a.m.** |

### NOTICE OF MOTION

TO:    Attached Service List

**PLEASE TAKE NOTICE** that on May 10, 2005 at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff in Courtroom 744 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, 60604, or in his absence, before any other Judge who may be sitting in his place or stead, and shall then and there present the **Motion of the Debtor for Orders (I) Scheduling a Final Hearing Pursuant to Fed. R. Bankr. Proc. 4001(c) and (II) Amending DIP Credit Agreement Pursuant to 11 U.S.C. §§ 105 and 364(b)**, a copy of which is attached and hereby served upon you. The hearing on this motion may be continued from time to time without further notice except as it may be given in open court.

Dated:   Chicago, Illinois
          May 6, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP

By:   _____
            One of its attorneys

**COUNSEL FOR THE DEBTOR:**
James H.M. Sprayregen, P.C.
Walter R. Lancaster
Joseph U. Schorer
Sven T. Nylen
KIRKLAND & ELLIS LLP (Firm No. 90433)
200 East Randolph Drive
Chicago, Illinois 60601
Tel:    (312) 861-2000
Fax:    (312) 861-2200

**F I L E D**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

MAY 0 6 2005

KENNETH S. GARDNER, CLERK
**PS REP. - TCR**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| EMERALD CASINO, INC., | ) | Case No. 02 B 22977 |
| | ) | Chief Judge Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | **Hearing Date and Time** |
| | ) | **May 10, 2005, at 9:30 a.m.** |

## MOTION OF THE DEBTOR FOR ORDERS (I) SCHEDULING A FINAL HEARING PURSUANT TO FED. R. BANKR. PROC. 4001(c) AND (II) AMENDING DIP CREDIT AGREEMENT PURSUANT TO 11 U.S.C. §§ 105 AND 364(b)

The above-captioned debtor and debtor in possession (collectively, the "Debtor") hereby moves (this "Motion") this Court for entry of (i) an order scheduling a final hearing on this Motion (the "Final Hearing") pursuant to Rule 4001(c) of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and (ii) an order amending the DIP Credit Agreement (as that term is defined herein) pursuant to sections 105 and 364(b) of titled 11 of the United States Code (as amended, the "Bankruptcy Code"). In support of this Motion, the Debtor respectfully states as follows:

### Jurisdiction

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 105 and 364(b) of the Bankruptcy Code and Bankruptcy Rule 4001.

**Background**

3.      On April 14, 2005, the Illinois Gaming Board (the "IGB") announced that it will

resume the administrative proceeding which seeks to revoke the Debtor's gaming license, the

Debtor's only material asset.  As a result, the Debtor has filed an application (the "Application")

to retain the Clifford Law Offices, P.C. (the "Clifford Firm") as special counsel under section

327(e) of the Bankruptcy Code to defend its interests in the administrative proceeding.

4.      As provided in the Application, the Debtor is seeking to provide the Clifford Firm

with an initial payment of $1,000,000 (the "Initial Payment") in connection with its

representation of the Debtor.  Currently, however, only $14,000 remains available for the Debtor

to draw on the $5 million line of credit established under that certain Credit Agreement, dated as

of August 20, 2002, between the Debtor and Donald Flynn as lender (attached hereto as <u>Exhibit</u>

<u>A</u>, the "DIP Credit Agreement").[1]  Therefore, the Debtor is seeking authorization to enter into

that certain Amendment Agreement (attached hereto as <u>Exhibit B</u>, the "Amendment") with

Donald Flynn, pursuant to which the Debtor would be provided with an additional $1.5 million

of credit having priority under section 503(b)(1) of the Bankruptcy Code. The Amendment only

increases the aggregate principal amount available under the DIP Credit Agreement by $1.5

million so that the Debtor may (i) make the Initial Payment and (ii) have additional funds

available for any other expenses that may arise during the course of the administrative

proceeding.  All other terms and conditions of the DIP Credit Agreement, and the previous

---

[1]      On August 15, 2002, while the Debtor was contesting the involuntary petition filed against it, this Court authorized the Debtor to enter into the DIP Credit Agreement to pay certain prepetition obligations to the Debtor's professionals involved in various litigation matters.  Subsequently, after the commencement of this chapter 11 case, this Court authorized the Debtor to draw further amounts under the DIP Credit Agreement on an administrative expense basis.

orders of this Court concerning the DIP Credit Agreement, shall remain unchanged and in full force and effect.

### Basis for Relief Requested

5.     The Debtor proposes to obtain additional unsecured financing under the DIP Credit Agreement (as modified by the Amendment) that will have administrative expense priority.  Section 364(b) of the Bankruptcy Code provides:

> The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense.

11 U.S.C. § 364(b).

6.     Unlike other provisions of section 364 of the Bankruptcy Code, section 364(b) does not require that a debtor establish that alternate financing is unavailable.  Nor does it require that a debtor demonstrate the lack of available credit on less restrictive terms or that the proposed loan is reasonable under the circumstances and is beneficial to the estates.  Nonetheless, both circumstances exist here.  The Debtor's most significant asset is highly illiquid, and therefore it is not reasonable to expect that other sources of financing are readily available.  Moreover, as the Debtor's understand, the first status hearing before the new administrative law judge in the administrative proceeding may be held in the near future.  Because of the Debtor's urgent need to retain the Clifford Firm and the impracticability of pursuing (and paying for) other prospective lenders, the Debtor has concluded that, in its business judgment, only Donald Flynn, who already is intimately familiar with the Debtor's business, is able to provide the Debtor with additional financing on the terms, and within the time frame, that the Debtor is seeking.  Given the

constraints of the Debtor's situation, there is no other realistic source of available financing on terms more favorable than those offered by Mr. Flynn.

7.     The Debtor's board of directors has concluded that the Amendment is the only realistic alternative available under the circumstances of this case. Bankruptcy courts routinely defer to a debtor's business judgment on most business decisions, including the decision to borrow money. See Group of Institutional Investors v. Chicago Mil. St. P. & Pac. Ry., 318 U.S. 523, 550 (1943); In re Simasko Prod. Co., 47 B.R. 444, 449 (D. Colo. 1985) ("Business judgments should be left to the board room and not to this Court."); In re Lifeguard Indus., Inc., 37 B.R. 3, 17 (Bankr. S.D. Ohio 1983) (same). In general, a bankruptcy court should defer to a debtor's business judgment regarding the need for and the proposed use of funds, unless such decision is arbitrary and capricious. In re Curlew Valley Assoc., 14 B.R. 506, 511-13 (Bankr. D. Utah 1981). Courts generally will not second guess a debtor's business decisions when those decisions involve a business judgment made in good faith, upon a reasonable basis, and within the scope of a debtor's authority under the Bankruptcy Code. Id. at 513-14 (footnotes omitted).

8.     The Debtor has exercised sound business judgment in determining that the Amendment is appropriate. As this Court has previously determined, the terms of the DIP Credit Agreement are fair and reasonable. The Amendment is only sought to secure counsel that the Debtor has determined will provide it with the best opportunity to prevail in the administrative proceeding before the IGB. Given the critical nature of that proceeding and the immediacy of the Debtor's need for counsel in that matter, the Debtor has obtained the only feasible new financing readily available. Accordingly, the Debtor should be granted authority to effectuate the Amendment pursuant to section 364(b) of the Bankruptcy Code.

## Notice

9.    Notice of this Motion has been provided to: (i) the United States Trustee; (ii) counsel to the Official Committee of Unsecured Creditors; and (iii) all parties who have filed a request for service of all pleadings and notices in this chapter 11 case. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

WHEREFORE, the Debtor respectfully requests that this Court (i) enter an order, substantially in the form attached hereto as Exhibit C, scheduling the Final Hearing, (ii) at the Final Hearing, enter an order, substantially in the form attached hereto as Exhibit D, authorizing the Debtor to enter into the Amendment and (iii) grant such other and further relief as this Court deems appropriate.

Chicago, Illinois
Dated: May 6, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
Joseph U. Schorer
Sven Nylen
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000 Telephone
(312) 861-2200 Facsimile

## Exhibit A

## DIP Credit Agreement

# CREDIT AGREEMENT

This Credit Agreement (this "Agreement") is made and entered into as of this 20ᵗʰ day of August, 2002, by and between Emerald Casino, Inc., an Illinois corporation (the "Borrower"), and Donald F. Flynn, (the "Lender").

The purpose of the Agreement is to make available to the Borrower an amount not to exceed the sum of $5,000,000 to allow the Borrower to pay its general and administrative expenses, costs related to Borrower's pending notice of denial and disciplinary complaint from the Illinois Gaming Board and any other litigation involving Borrower. Such outstanding legal fees past due shall receive first priority for payment.

In consideration of the undertakings and agreements of the respective parties set forth herein, the parties agree as follows:

1.  Line of Credit. In the event the Borrower desires to borrow any amount under this Agreement, the Borrower shall provide written notice of such request to the Lender, which notice shall include the desired amount to be borrowed. The Lender shall decide whether to make the requested Advance. Notwithstanding anything herein to the contrary, the Lender shall not have any obligation to make an Advance under this Agreement, and any decision to make or not to make an Advance is at the absolute and total discretion of the Lender. The aggregate principal amount of all advances made under this Agreement ("Advances") shall not at any time exceed Five Million Dollars ($5,000,000) (the "Aggregate Principal Amount").

2.  Advances. Each Advance shall be made on or before the second business day after the Borrower sends Lender a request to borrow funds under this Agreement. Any such request will be sent to Lender's facsimile number on the signature page hereof.

3.  Interest rate. Accrued interest on the unpaid principal amount of each Advance from the date of such Advance until such principal is paid in full shall be at a rate per annum (the "Rate") equal to five point seven five percent (5.75%).

4.  Payment of Principal and Interest. Accrued interest on each outstanding Advance shall be paid on each anniversary of such Advance. The outstanding principal balance of all Advances and accrued interest shall be due and payable (the "Due Date") in full on the earliest of (i) the third anniversary of the date of this Agreement; or (ii) the date on which any "person" or "group" (as such terms are used for purposes of sections 13(d) and 14(d) of the Securities Exchange Act of 1934) (other than any person (or the affiliates of such person) who is currently a shareholder of the Borrower) is or becomes the "beneficial owner", directly or indirectly, of more than fifty percent (50%) of the capital stock of the Borrower then outstanding. The Borrower may prepay any or all outstanding Advances (and related accrued interest) at any time without penalty.

5. <u>Subordination</u>. The obligations of the Borrower under this Agreement shall be subordinate in right of payment to the prior payment in full of all liabilities of the Borrower under that certain Loan Agreement dated August 26, 1996 between the Borrower and Donald F. Flynn.

6. <u>Events of Default by Borrower; Remedies</u>. (a) The occurrence of any one of the following events shall constitute a default (an "Event of Default") by the Borrower under this Agreement:

    (i)    If the Borrower fails to pay any amount hereunder when due and payable or validly declared due and payable and such default continues for 10 days after notice and demand for such payment has been made by a Lender.

    (b)    Upon an Event of Default, the Lenders shall have the right to declare immediately due and payable the outstanding principal balance of the Advances, including any accrued but unpaid interest, which shall thereupon be immediately due and payable. The Lenders shall give written notice of any such declaration as soon as practicable to the Borrower.

7. <u>Miscellaneous</u>. (a) If the outstanding principal balance, including all accrued but unpaid interest, of all Advances is not paid at maturity, whether by acceleration or otherwise, the Borrower shall pay all costs and expenses of collection and enforcement, including court costs and reasonable attorneys' fees, unless prohibited by law.

    (b)    The Borrower waives presentment, demand and presentation for payment, notice of non-payment and dishonor, protest and notice and expressly agrees that this Agreement or any payment hereunder may be extended from time to time without in any way affecting the liability of the Borrower.

    (c)    The obligation of the Borrower to pay in full any amounts due or to become due hereunder is absolute and unconditional and shall not be affected by any dispute, claim, counterclaim, defense or other right which the Borrower may have to assert against a Lender.

8. <u>Entire Agreement; Amendment; Assignment</u>. This Agreement constitutes the entire agreement of the parties with respect to the subject matter hereof. This Agreement may not be modified, altered or amended except by an amendment in writing signed by each party affected by such amendment. Each Lender may not assign this Agreement, and it shall be binding upon and inure to the benefit of such Lender's successors, assignees, heirs and legal representatives. The Borrower may not assign or transfer this Agreement.

9. <u>Severability</u>. If any provision of this Agreement or the application thereof to any person or circumstances is held invalid or unenforceable, the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected thereby and provisions of this Agreement shall be several in any such instance.

10. <u>Governing Law</u>. This Agreement shall be governed and interpreted in accordance with the laws of the State of Illinois applicable to contracts made and to be performed therein, without regard to the conflicts of the laws principles thereof.

2

11. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

12. <u>Waiver</u>. The waiver by any party of a breach of any provision of this Agreement by any other party shall not operate or be construed as a waiver of any subsequent breach.

13. <u>Notice</u>. All notices and other communications hereunder shall be in writing and shall be deemed given when received, whether personally, by telegram, telex, facsimile transmission (followed by regular mail) or registered or certified mail (return receipt requested) to the parties at the following address (or at such other address for a party as shall be specified by like notice): (a) if to the Borrower, addressed to: Emerald Casino, Inc., 120 North LaSalle Street, Suite 3300, Chicago, Illinois 60602, Attention: Kevin Larson, President and (b) if to a Lender, addressed to the address set forth under the name of such Lender on the signature page hereto.

IN WITNESS WHEREOF, this Agreement has been duly executed as of the day and year specified at the beginning hereof.

EMERALD CASINO, INC.

By: _K Far_____, President +
Name: Kevin D. Larson
Title:   President

LENDER:
DONALD F. FLYNN
676 North Michigan Avenue
Suite 4000
Chicago, Illinois  60611
Facsimile Number:  312/280-3730

Principal Amount:  $5,000,000

Signature of Lender

4

**Exhibit B**

**Amendment**

## AMENDMENT AGREEMENT

This Amendment Agreement (this "Agreement") is made and entered into this _____ day of May 2005, by and between Emerald Casino, Inc., an Illinois corporation (the "Borrower"), and Donald F. Flynn (the "Lender").

The Borrower and the Lender are parties to that certain Credit Agreement dated as of August 20, 2002, a copy of which is attached hereto as Exhibit A (the "Credit Agreement"). The parties desire to amend the Credit Agreement on the terms and subject to the conditions set forth herein.

In consideration of the undertakings and agreements of the respective parties set forth herein, the parties agree as follows:

1.  Additional Line of Credit.   The amount designated in the Credit Agreement as the "Aggregate Principal Amount" shall be increased by $1,500,000 (the "Additional Credit").

2.  Purpose of Additional Credit.  The Borrower acknowledges and agrees that the Borrower shall use the Additional Amount solely to pay for (a) legal fees and expenses of its counsel for representation in the administrative law proceeding styled *In the Matter of the Denial of the Renewal of the Owner's License of Emerald Casino, Inc.* and in the lawsuit styled *Emerald Casino, Inc. v. Illinois Gaming Board and Herbert L. Holzman,* and (b) such other fees or expenses approved in advance in writing by the Lender.

3.  General.  All other terms and conditions of the Credit Agreement shall remain unchanged and in full force and effect.

IN WITNESS WHEREOF, this Agreement has been duly executed as of the day and year specified at the beginning hereof.

EMERALD CASINO, INC.

By:_____
Name: John P. McMahon
Title: Senior Vice President

LENDER:
DONALD F. FLYNN
676 North Michigan Avenue
Suite 4000
Chicago, Illinois 60611
Facsimile Number: 312/280-3730


_____
Signature of Lender

**Exhibit C**

**Proposed Order Scheduling Final Hearing**

**Exhibit D**

**Proposed Order Authorizing Amendment**

## CERTIFICATE OF SERVICE

I, Sven T. Nylen, an attorney, certify that on the 6th day of May, 2005, I caused to be served via facsimile, unless otherwise indicated, a true and correct copy of the foregoing **Notice of Motion** and **Motion of the Debtor for Orders (I) Scheduling a Final Hearing Pursuant to Fed. R. Bankr. Proc. 4001(c) and (II) Amending DIP Credit Agreement Pursuant to 11 U.S.C. §§ 105 and 364(b)**, on the parties on the attached service list. Facsimile confirmation sheets for those parties being served via facsimile are attached as Exhibit A.

Dated:  May 6, 2005

Sven T. Nylen

## SERVICE LIST

Richard Friedman
United States Trustee
227 West Monroe Street, Suite 3350
Chicago, Illinois  60606
Tel: 312.886.3320
Fax: 312.886.5794

Donald Storino
Thomas M. Bastian
Storino, Ramello & Durkin
9501 West Devon Avenue, 8th Floor
Rosemont, Illinois  60018
Tel: 847.318.9500
Fax: 847.318.9509
*(Counsel for Christopher Burke Engineering
and Testing Services Corporation)*

R. Scott Alsterda
Gregg E. Szilagyi
Ross E. Kimbarovsky
Christopher L. Rexroat
Michael Ficaro
Ungaretti & Harris
3500 Three First National Plaza
Chicago, Illinois  60602-4283
Tel: 312.977.4400
Fax: 312.977.4405

Kevin Flynn
Kevin Larson
Joe McQuaid
John McMahon
Walter Hanley
c/o 120 N. LaSalle St., Suite 3300
Chicago, Illinois  60602
Tel: 312.456.7283
Fax: 312.456.0708

Cornelius P. Brown
Cohon, Raizes & Regal
208 S. LaSalle St., #1860
Chicago, Illinois  60604
Tel: 312.726.2252
Fax: 312.726.0609

John Robert Weiss
Timothy J. Patenode
Katten Muchin Zavis & Rosenman
525 West Monroe Street, Suite 1600
Chicago, Illinois  60661
Tel: 312.902.5200
Fax: 312.902.1061
*(Counsel for The Davis Companies)*

Donald F. Flynn
c/o Victor Casini
676 N. Michigan Ave., Suite 4000
Chicago, Illinois  60611
Tel: 312.280.3700
Fax: 312.280.3730

Real Estate Department
Near North Insurance Brokerage, Inc.
875 N. Michigan Ave., 19th Floor
Chicago, Illinois  60611
Tel: 312.280.5600
Fax: 312.202.6135

Legal Group
Arthur Andersen LLP
33 W. Monroe St.
Chicago, Illinois 60603
Tel: 312.507.0033
Fax: 312.507.7210


John Rotunno
Jack McCarthy
Bell, Boyd & Lloyd
Three First National Plaza
70 W. Madison St., Suite 3300
Chicago, Illinois 60602-4207
Tel: 312.372.1121
Fax: 312.372.2098

Emerald Ventures, Inc.
c/o 120 N. LaSalle St., Suite 3300
Chicago, Illinois 60602
Tel: 312.456.7283
Fax: 312.456.0708


Peer Pedersen
Pedersen & Houpt
161 N. Clark St., Suite 3100
Chicago, Illinois 60601-3224
Tel: 312.641.6888
Fax: 312.641.6895
*(Counsel for Howard Warren)*


Marty Burke
Mackie Consultants, Inc.
9575 W. Higgins Road, Suite 500
Rosemont, Illinois 60018
Tel: 847.696.1400
Fax: 847.696.1410

Robert Stephenson
David B. Goroff
Foley & Lardner
321 N. Clark Street
Suite 2800
Chicago, Illinois 60610
Tel: 312.832.5169
Fax: 312.644.5838
*(Counsel for Village of Rosemont)*

Barry Montgomery
Williams Montgomery & John
2100 Civic Opera Building
20 N. Wacker Drive
Chicago, Illinois 60606
Tel: 312.443.3200
Fax: 312.630.8534


Robert A. Shapiro
William J. Barrett
Barack Ferrazzano Kirschbaum Perlman &
Nagelberg LLC
333 West Wacker Drive
Suite 2700
Chicago, Illinois 60606
Tel: 312.629.5170
Fax: 312.984.3150

Steven H. Gistenson
Robert D. Nachman
David E. Beker
Schwartz, Cooper, Greenberger & Krauss
180 North La Salle Street
Suite 2700
Chicago, Illinois 60601
Tel: 312.346.1300
Fax: 312.782.8416

Jeannette Tamayo
Illinois Gaming Board
160 North LaSalle Street, Suite 300
Chicago, Illinois 60601
Tel: 312.814.4700
Fax: 312.814.4602

2

Eric A. Berg
Janice L. Duban
Piper Rudnick
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601
Tel: 312.368.4000
Fax: 312.236.7516

David S. Heller
Stephen R. Tetro
Latham & Watkins
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606
Tel: 312.876.7700
Fax: 312.993.9767
*(Counsel for Jefferies & Company, Inc.)*

Jerry Siegan
Neal, Murdock & Leroy, LLC
203 North LaSalle Street, Suite 2300
Chicago, Illinois 60601
Tel: 312.641.7144
Fax: 312.641.5137

Carl A. Gigante
Figliulo & Silverman, P.C.
10 South LaSalle Street
Suite 3600
Chicago, Illinois 60603
Tel: 312.251.5282
Fax: 312.251.4610

Harold L. Kaplan
Jeffrey M. Schwartz
Sally Siconolfi
Gardner Carton & Douglas
191 North Wacker Drive, Suite 3700
Chicago, Illinois 60606-1698
Tel: 312.569.1000
Fax: 312.569.3000
*(Counsel for the Official Committee of Unsecured Creditors)*

William P. Smith
David C. Christian, II
Hannah J. Mufson
McDermott, Will & Emery
227 West Monroe Street
Chicago, Illinois 60606-5096
Tel: 312.372.2000
Fax: 312.984-7700
*(Counsel for West Central Municipal Conference)*

The Honorable Eugene R. Wedoff
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Northern
District of Illinois, Eastern Division
219 South Dearborn Street, Room 748
Chicago, Illinois 60604
***(via hand delivery)***

Harley J. Goldstein
David Gustman
Freeborn & Peters
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
Tel: 312.360.6000
Fax: 312.360.6520

3

Clinton A. Krislov
Jason P. Stiehl
Krislov & Associates, Ltd.
20 North Wacker Drive
Suite 1350
Civic Opera House
Chicago, Illinois 60606
Tel: 312.606.0500
Fax: 312.606.0207
*(Counsel for Lake County Riverboat, L.P.)*

Barry Gross, Esq.
Chief Deputy Attorney General
100 W. Randolph
12th Floor
Chicago, Illinois 60601
Tel: 312.814.4499
Fax: 312.814.5024

James F. Dahl
Dahl & Bonadies
225 West Washington Street
Suite 1640
Chicago, Illinois 60606
Tel: 312.641.3245
Fax: 312.641.1662
*(Counsel for Richard Rieser, Jr.)*

Marguerite K. Kingsmill
Kingsmill Riess, L.L.C.
201 St. Charles Avenue
Suite 3300
New Orleans, Louisiana 70170
Tel: 504.581.3300
Fax: 504.581.3310

Steven B. Towbin
Peter J. Roberts
Shaw Gussis Fishman Glantz Wolfson &
Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
Tel: 312.541.0151
Fax: 312.980.3888

Barry A. Chatz
Miriam R. Stein
Arnstein & Lehr
120 South Riverside Plaza
Suite 1200
Chicago, Illinois 60606
Tel: 312.876.7100
Fax: 312.876.0288

David A. Novoselsky
Novoselsky Law Offices
120 North LaSalle Street
Suite 1400
Chicago, Illinois 60601
Tel: 312.346.8930
Fax: 312.346.9453
*(Counsel for Joseph Salamone)*

Paul W. Theiss
David S. Curry
Ryan J. Fitts
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street
Chicago, Illinois 60603
Tel: 312.782.0600
Fax: 312.701.7711

Charles B. Sklarsky
Jenner & Block LLP
One IBM Plaza
Chicago, Illinois 60611
Tel: 312.222.9350
Fax: 312.527.0484

Chaz Ebert
P O Box 146366
Chicago, Illinois 60614
*(via U.S. mail)*

## **EXHIBIT A**