IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| EMERALD CASINO, INC., ) | Case No. 02 B 22977 |
| ) | Chief Judge Eugene R. Wedoff |
| Debtor. ) | |
| ) | |
| ) | |

### FINAL ORDER AUTHORIZING AMENDMENT OF DIP CREDIT AGREEMENT

Upon the motion (the "Motion"),[1] dated May 6, 2005, of the Debtor seeking entry of (i) an order scheduling a final hearing on this Motion (the "Final Hearing") pursuant to Rule 4001(c) of the Federal Rules of Bankruptcy Procedure and (ii) an order amending the DIP Credit Agreement pursuant to sections 105 and 364(b) of titled 11 of the United States Code; and sufficient notice of the Motion having been given under the circumstances; and it appearing that (i) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (ii) this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and (iii) venue is proper before this Court in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and based upon the Final Hearing and the record before this Court; it is hereby

FOUND AND DETERMINED that:

1.  The Debtor has an immediate need to obtain access to financing in order to pay the Initial Payment to the Clifford Firm;

2.  The Debtor is unable to obtain other reasonable financing;

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

10353528_1.DOC

3. The terms of the Amendment are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties and are supported by reasonably equivalent and fair consideration;

4. The Amendment has been negotiated in good faith and at arm's-length between the Debtor and the Donald Flynn and any further credit extended for the account of and loans made to, or for the benefit of, the Debtor by Donald Flynn pursuant to the Amendment, shall be deemed to have been extended in "good faith," as such term is used in section 364(e) of the Bankruptcy Code; and

5. The terms and conditions of the Amendment do not violate any terms of the Debtor's and Committee's Joint Fifth Amended and Restated Chapter 11 Plan (Modified as of July 20, 2004).

Therefore, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Amendment is hereby approved and the Debtor is authorized to borrow the additional credit made available under the Amendment in order to (i) pay the Initial Payment and (ii) have additional funds available for any other expenses that may arise during the course of the administrative proceeding; and it is further

ORDERED that the Debtor's obligations and indebtedness to Donald Flynn arising under the Amendment shall be treated as allowed administrative expense claims under section 503(b)(1) of the Bankruptcy Code; and it is further

ORDERED that all previous orders of this Court pertaining to the DIP Credit Agreement shall remain in full force and effect; and it is further

ORDERED that, notwithstanding rule 6004(g) or any other rules of the Federal Rules of Bankruptcy Procedure, this Order is a final order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2005

_____
The Honorable Eugene R. Wedoff
United States Bankruptcy Judge

MAY 2 6 2005