# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 02-B-22977 |
| | ) | |
| EMERALD CASINO, INC., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Deborah L. Thorne |
| | ) | |
| | ) | **Hearing Date: April 26, 2016** |
| | ) | **Hearing Time: 10:00 a.m.** |
| | ) | **Room No.: 613** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **April 26, 2016** at **10:00 a.m.,** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Deborah L. Thorne of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or whomever may be sitting in her place and stead, at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, Room 613, and then and there present the attached **Motion To Set Deadline For Filing Requests For Allowance Of Chapter 11 Administrative Expenses, Including Chapter 11 Final Fee Applications**, at which time and place you may appear.

Dated: April 19, 2016

FRANCES GECKER, solely as Chapter 7
Trustee of Emerald Casino, Inc.

By:   /s/ Micah R. Krohn
   One of her attorneys

Micah R. Krohn (Atty. No. 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035

{EMERALD/001/00046123.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| EMERALD CASINO, INC., | ) | Case No. 02-22977 |
| | ) | |
| Debtor. | ) | Honorable Deborah L. Thorne |

**MOTION TO SET DEADLINE FOR FILING REQUESTS FOR
ALLOWANCE OF CHAPTER 11 ADMINISTRATIVE EXPENSES,
INCLUDING CHAPTER 11 FINAL FEE APPLICATIONS**

Frances Gecker, not individually, but as the Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Emerald Casino, Inc. (the "Debtor"), by her attorneys, requests the entry of an order, pursuant to 11 U.S.C. §§ 503(b) and 105 setting a deadline for filing requests for allowance of Chapter 11 administrative expenses, including final fee applications for services provided by Bankruptcy Court-approved professionals during the Debtor's Chapter 11 period, and approving the form, manner and sufficiency of the notice to be provided in connection therewith. In support of her motion, the Trustee states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief herein are 11 U.S.C. §§ 105 and 503(b). Consideration of the motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

**BACKGROUND**

2. On June 13, 2002 (the "Petition Date"), an involuntary petition (the "Involuntary Petition" or the "Case") for relief under chapter 7 of the Bankruptcy Code was filed against the Debtor.

3. On September 6, 2002, this Court entered an order for relief with respect to the Involuntary Petition. On September 10, 2002, this Court entered an order converting the Case to Chapter 11.

4. On November 1, 2002, the Office of the United States Trustee for this district appointed a Committee of Unsecured Creditors in the Case (the "Committee").

5. On July 22, 2004, this Court confirmed the Joint Fifth Amended and Restated Chapter 11 Plan (as modified through July 19, 2004, the "Plan").

6. On February 13, 2008, the United States Trustee filed a motion to dismiss or reconvert the Case to Chapter 7 because of the Debtor's inability to effect substantial consummation of the Plan.

7. On March 19, 2008 (the "Reconversion Date"), this Court reconverted the Case to Chapter 7.

8. On March 20, 2008, the United States Trustee appointed Frances Gecker as Chapter 7 Trustee.

9. As recounted in the Trustee's Status Report to this Court dated March 2, 2016 [Dkt. No. 2178], on December 1, 2008, the Trustee filed suit against the Debtor's officers and directors, which suit was docketed in the Case as Adversary Proceeding Case No. 08 A 00972 (the "Adversary").

10. Between December, 2014 and January, 2016, the parties to the Adversary participated in mediation, resulting in the following settlements:

- A settlement with Walter Hanley, pursuant to which Mr. Hanley agreed to pay the estate $7 million over time; and

- A settlement with the Donald F. Flynn Estate, pursuant to which that estate agreed to pay the The Debtor estate $45,333,333.33.

11. On February 16, 2016, the Donald F. Flynn Estate paid its settlement payment of

2

$45,333,333.33. On February 22, 2016, Mr. Hanley paid the first installment of his settlement in the amount of $1.5 million.

13. On March 21, 2016, the Trustee filed a motion (set for hearing concurrently with the present motion) seeking authorization to pay certain of the Debtor's minority shareholders (the "Payton Parties") a portion of the settlement proceeds described above, totaling $11,407,135.14, pursuant to a settlement agreement dated November 25, 2008. Under that agreement, the Payton Parties agreed to assign their claims against the Debtor's officers and directors to the estate in exchange for a share of the estate's recovery based upon those and related claims asserted by the Trustee.

14. In addition, on March 21, 2016, the Trustee's bankruptcy counsel, FrankGecker LLP filed its First Interim Fee Application in the amount of $49,505.51, and the Trustee filed her First Interim Fee Application in the amount of $1,103,758.45. These applications are set for hearing concurrently with the present motion.

15. As a result of the Trustee's settlements with Mr. Hanley and the Donald F. Flynn Estate, the estate has funds on hand from which interim distributions could be made on account of allowed Chapter 11 administrative expenses. In the event that the motion and interim fee applications filed on March 21, 2016 are granted, the estate would have funds on hand, after payment of the amounts sought therein, exceeding $11 million.

16. Previously, this Court set a claims bar date of March 12, 2015 [Dkt. No. 2120]. A number of entities filed administrative expense claims with the Court.

3

17.     In addition, a number of professionals employed by the Debtor, pursuant to 11 U.S.C. §327 and by the Committee, pursuant to 11 U.S.C. § 1103 (collectively, the "Professionals") filed interim fee applications for services provided during the Chapter 11 period. However, most of the Professionals have not filed final fee applications, upon which interim distributions could be predicated.

## RELIEF REQUESTED

18.     The Trustee requests the entry of an order, pursuant to 11 U.S.C. §§ 105 and 503(b), setting **June 28, 2016** (the "Chapter 11 Administrative Bar Date") as the deadline for filing requests for allowance of Chapter 11 administrative expenses, including Professionals' final fee applications for services performed during the Debtor's Chapter 11 period, and approving the form, manner and sufficiency of the notice to be provided in connection therewith.

19.     If approved, the Trustee will cause a copy of the Notice of Chapter 11 Administrative Bar Date attached hereto as **Exhibit A** to be served on or before April 28, 2016, by first-class United States mail, postage prepaid, or electronic service, which may include the Court's Case Management/Electronic Case Filing System, upon: (a) all entities upon whom the Notice of Fixing Time For Filing Claims [Dkt. No. 2120] was served; (b) all entities that previously have filed proofs of claim in this bankruptcy case; (c) the Professionals; and (d) all entities, or their counsel, that have filed a notice of appearance in this case.

## BASIS FOR THE RELIEF REQUESTED

20.     "[A]n entity may timely file a request for payment of an administrative expense" pursuant to 11 U.S.C. § 503(a). In addition, pursuant to 11 U.S.C. § 105, the Court may issue any order "necessary or appropriate" to carry out the provisions of the Bankruptcy Code. Thus, those sections authorize the Court to set a deadline for filing requests for allowance of Chapter 11 administrative expenses.

4

21. Setting the proposed Chapter 11 Administrative Bar Date, and approving the proposed notice to be provided in connection therewith, will allow the estate's liability for Chapter 11 administrative expenses to be fixed, and facilitate interim distributions on account of allowed Chapter 11 administrative expenses.

22. The Trustee has provided written notice of the hearing on this motion, through the Court's CM/ECF System, to all entities or their counsel, who have filed a notice of appearance in the Case, including the Debtor and the Office of the United States Trustee, which the Trustee submits is sufficient.

WHEREFORE, Frances Gecker, not individually but as Chapter 7 Trustee of the bankruptcy estate of Emerald Casino, Inc., respectfully requests that this Court enter an order, pursuant to 11 U.S.C. §§ 503(b) and 105, setting **June 28, 2016** as the deadline for filing requests for allowance of Chapter 11 administrative expenses, approving the manner, form and sufficiency of the Notice of Chapter 11 Administrative Bar Date attached hereto as **Exhibit A**, and granting such further relief as this Court deems just.

Dated: April 19, 2016

Respectfully submitted,

FRANCES GECKER, solely as Chapter 7 Trustee of Emerald Casino, Inc.,

By: /s/ Micah R. Krohn
     One of her attorneys

Frances Gecker
Micah R. Krohn (Atty. No. 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035

5

**CERTIFICATE OF SERVICE**

I, Micah R. Krohn, an attorney, state that on **April 19, 2016**, I caused a copy of the **Notice of Motion** and **Motion To Set Deadline For Filing Requests For Allowance Of Chapter 11 Administrative Expenses, Including Chapter 11 Final Fee Applications**, to be electronically filed with the United States Bankruptcy Court for the Northern District of Illinois. Notice of the filing will be sent to all parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System.

/s/ Micah R. Krohn

# Mailing Information for Case 02-22977

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Allan V. Abinoja    aabinoja@atg.state.il.us, rrascia@atg.state.il.us;marnold@atg.state.il.us
- Michael D Arnold    marnold@atg.state.il.us
- Chirag G Badlani    cbadlani@hsplegal.com
- Salvatore A Barbatano    sbarbatano@shawfishman.com, jhampton@shawfishman.com
- Courtney E Barr    cbarr@lockelord.com, chicagodocket@lockelord.com;;pwilliams@lockelord.com
- William J. Barrett    william.barrett@bfkn.com, mark.mackowiak@bfkn.com;gregory.demo@bfkn.com;ecf-6ec602372536@ecf.pacerpro.com;william-barrett-bfkn-3622@ecf.pacerpro.com
- David E Beker    dbeker@schwartzcooper.com, rbendix@schwartzcooper.com;msmith@schwartzcooper.com;rnachman@schwartzcooper.com
- Kristin L Carmichael    kcarmichael@lymannielsen.com
- Timothy R Casey    timothy.casey@dbr.com, andrew.groesch@dbr.com
- Erik W. Chalut    echalut@kirkland.com, mjawor@loeb.com;chdocket@loeb.com
- Barry A Chatz    bachatz@arnstein.com, jbmedziak@arnstein.com
- Nathan F Coco    ncoco@mwe.com
- Jerome F Crotty    jcrotty@rieckcrotty.com, bhenry@rieckcrotty.com
- John S. Delnero    john.delnero@klgates.com, delnero_john@yahoo.com
- Frances Gecker    fgecker@fgllp.com, fgecker@ecf.epiqsystems.com;csmith@fgllp.com
- Frances Gecker    fgecker@fgllp.com, csmith@fgllp.com
- Thomas W. Goedert    tgoedert@craneheyman.com
- Harley J. Goldstein    harleyg@restructuringshop.com, teresag@restructuringshop.com;harleyj@ecf.courtdrive.com

- David B. Goroff    dgoroff@foley.com, khall@foley.com
- Gordon E. Gouveia    ggouveia@shawfishman.com, kjanecki@shawfishman.com
- Cara A Hendrickson    chendrickson@hsplegal.com, rortiz@hsplegal.com;mpiers@hsplegal.com;jkarsh@hsplegal.com;vcortez@hsplegal.com;mbarbosa@hsplegal.com;mrowland@hsplegal.com;gsantos@hsplegal.com
- Francis J Higgins    frank.higgins@klgates.com, christina.danielkiewicz@klgates.com;todd.pentecost@klgates.com;kenneth.rechtoris@klgates.com;anthony.relys@klgates.com
- Keri Holleb Hotaling    khotaling@jenner.com, rgraham@jenner.com;docketing@jenner.com;mmatlock@jenner.com;dabelson@jenner.com
- Andrew A Jacobson    ajacobson@bupdlaw.com, ssteinhauer@bupdlaw.com;mortiz@bupdlaw.com
- Micah R Krohn    mkrohn@fgllp.com, ccarpenter@fgllp.com;csmith@fgllp.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Theodore Low    tjl@willmont.com, cbm@willmont.com;maureen@willmont.com;colleen@willmont.com;janice@willmont.com
- John J Lynch    jlynch@lynch4law.com, rlynch@jjlynchlaw.com;breilly@lynch4law.com;staff@lynch4law.com
- Kevin R Malloy    kmalloy@fordeltd.com, kbrubaker@fordeltd.com;kforde@fordeltd.com;jdriscoll@fordeltd.com
- Bryan E. Minier    bminier@lathropgage.com, mvargas@lathropgage.com
- Jill L Nicholson    jnicholson@foley.com
- Sven T Nylen    sven.nylen@klgates.com
- Megan Preusker    mpreusker@mwe.com
- Mark E Rakoczy    mark.rakoczy@skadden.com, chdocket@skadden.com
- Brian Raynor    braynor@lockelord.com, docket@lockelord.com
- Christopher L. Rexroat    clrexroat@uhlaw.com
- Peter J Roberts    proberts@shawfishman.com
- Jeffrey M Schwartz    jschwartz@muchshelist.com, nsulak@muchshelist.com
- Michael S. Shapiro    mshapiro@scandagliaryan.com, dmaziarka@scandagliaryan.com;dwaters@scandagliaryan.com;jlecaroz@scandagliaryan.com
- Sally Siconolfi    siconolfi.sally@arentfox.com
- Aaron C Smith    asmith@lockelord.com, chicagodocket@lockelord.com
- William P Smith    wsmith@mwe.com
- William P Smith    wsmith@mwe.com
- Catherine L Steege    csteege@jenner.com, docketing@jenner.com
- Catherine L Steege    csteege@jenner.com, docketing@jenner.com
- Miriam R. Stein    mstein@chuhak.com, dgeorge@chuhak.com
- Eric E. Walker    ewalker@perkinscoie.com, nsaldinger@perkinscoie.com;Docketchi@perkinscoie.com
- Andrew E Weissman    andrew.e.weissman@gmail.com
- Zane L Zielinski    zzielinski@wfactorlaw.com, nbouchard@wfactorlaw.com;bharlow@wfactorlaw.com