UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | Case No. 02 B 22977 |
|---|---|
| **EMERALD CASINO, INC.** | Chapter 7 |
| Debtor | Honorable Deborah L. Thorne |
| | Hearing Date: September 13, 2016 at 10:00 a.m. (CT) |
| | Objection Deadline: August 23, 2016 |

COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION

Name of Applicant: RSM US LLP (F/K/A American Express Tax and Business Services, Inc.

Authorized to Provide
Professional Services to: Official Committee of Unsecured Creditors

Date of Order Authorizing Employment: December 19, 2002 retroactive to December 2, 2002

Period for Which
Compensation is Sought:   From January 1, 2004 through June 28, 2016 (Interim)
                          From December 5, 2002 through June 28, 2016 (Final)

Amount of Fees Sought:    $86,637.50 (Interim); $384,430.00 (Final)

Amount of Expense
Reimbursement Sought:     $1,041.07 (Interim); $2,238.99 (Final)

This is an:  X  Interim Application   X  Final Application   __  Application Pursuant to Court Order

If this is *not* the first application filed herein by this professional, disclose all prior fee applications

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| February 25, 2002 | 12/5/02 – 12/31/02 | $18,718.00 | $16,408.00 | - |
| June 11, 2003 | 1/1/03 – 3/31/03 | $204,959.05 | $199,884.05 | - |
| October 8, 2003 | 4/1/03 – 8/31/03 | $75,917.27 | $75,917.27 | - |
| February 17, 2004 | 9/1/03 – 12/31/03 | $6,781.10 | $6,781.10 | - |

Applicant: RSM US LLP

Date: June 28, 2016

By: _____
David Bart

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 02 B 22977 |
| EMERALD CASINO, INC. | Chapter 7 |
| Debtor | Honorable Deborah L. Thorne |
| | Hearing Date: September 13, 2016 at 10:00 a.m. (CT) |
| | Objection Deadline: August 23, 2016 |

**FIFTH INTERIM AND FINAL APPLICATION OF RSM US LLP (F/K/A AMERICAN EXPRESS TAX AND BUSINESS SERVICES, INC.) FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Creditors of Emerald Casino, Inc. (the "Committee"), pursuant to sections 330, 331 and 507(a)(1) of the Bankruptcy Code and the Rule 2016 of the Federal Rules of Bankruptcy Procedure, respectfully requests that the Court award interim compensation and reimbursement of expenses to the Committee's financial advisor, RSM US LLP[1] ("RSM"), for approval allowing compensation in the total amount of $86,637.50 and reimbursement of expenses in the amount of $1,041.07, for the period January 1, 2004 through June 28, 2016 (the "Fifth Interim Period"). RSM further submits this Final Application for Allowance of Compensation and Reimbursement of Expenses (the "Final Application") for final approval allowing compensation in the total amount of $384,430.00 and reimbursement of

---

[1] When initially retained, RSM US LLP was known as American Express Tax & Business Services, Inc. Subsequently, American Express Tax & Business Services, Inc. went through a series of name changes. These name changes include RSM McGladrey, Inc., McGladrey & Pullen, LLP and McGladrey LLP. Effective October 26, 2015, McGladrey LLP changed its name to RSM US LLP.

1

expenses in the amount of $2,238.99, for the period December 5, 2002 through June 28, 2016. In support of the Application, RSM states as follows:

## I.     INTRODUCTION

1. On June 13, 2002, creditors of Emerald Casino, Inc. filed an involuntary petition under Chapter 7 of the Bankruptcy Code. The Court entered an order for relief on September 6, 2002, and stayed the effectiveness of that order until September 10, 2002. On September 10, 2002, upon the motion of the Debtor, this Court entered an order converting this case to a case under Chapter 11 of the Bankruptcy Code. After that time, the Debtor managed their affairs as a debtor in possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code.

2. On November 1, 2002, the United States Trustee for the Northern District of Illinois appointed the Committee. The Committee consisted of the following members: Christopher B. Burke Engineering, Inc.; Mackie Consultants, Inc.; Estate of Walter Payton; and Albert W. Johnson.

3. On December 19, 2002, the Court authorized the Committee to retain RSM as its financial advisor, retroactive to December 2, 2002. A Committee was formed by the United States Trustee for this judicial district on December 28, 2000.

4. On March 19, 2008, upon motion of the Trustee, this Court entered an order converting this case to a case under Chapter 7 of the Bankruptcy Code.

## II.     PREVIOUS FEE APPLICATIONS

5. Pursuant to the Interim Compensation Order [Dkt. No. 157], RSM has submitted interim fee applications (the "Interim Fee Applications"). The Court has entered orders with

respect to the four earlier applications. By this application, RSM does not seek allowance of fees and expenses previously disallowed by the Court.

6. On February 25, 2003, RSM filed its First Interim Application of American Express Tax and Business Services, Inc. for Allowance of Compensation and Reimbursement of Expenses as Financial Advisors to the Official Committee of Unsecured Creditors, for the time period of December 5, 2002 through December 31, 2002 (the "First Interim Application"), in which it sought payment of fees in the amount of $18,650.00 and expenses in the amount of $68.00. [Dkt. No. 335] The First Interim Application is incorporated by reference herein. On March 18, 2003, the Court entered and Order allowing RSM $16,340.00 in fees and $68.00 in expenses. [Dkt. No. 389]

7. On June 11, 2003, RSM filed its Second Interim Application of American Express Tax and Business Services, Inc. for Allowance of Compensation and Reimbursement of Expenses as Financial Advisors to the Official Committee of Unsecured Creditors, for the time period of January 1, 2003 through March 31, 2003 (the "Second Interim Application"), in which it sought payment of fees in the amount of $204,496.50 and expenses in the amount of $462.55. [Dkt. No. 596] The Second Interim Application is incorporated by reference herein. On July 2, 2003, the Court entered and Order allowing RSM $199,421.50 in fees and $462.55 in expenses. [Dkt. No. 634]

8. On October 8, 2003, RSM filed its Third Interim Application of American Express Tax and Business Services, Inc. for Allowance of Compensation and Reimbursement of Expenses as Financial Advisors to the Official Committee of Unsecured Creditors, for the time period of April 1, 2003 through August 31, 2003 (the "Third Interim Application"), in which it sought payment of fees in the amount of $75,270.50 and expenses in the amount of $646.77. [Dkt. No. 753] The Third Interim Application is incorporated by reference herein. On October 31, 2003, the

Court entered and Order allowing RSM $75,270.50 in fees and $646.77 in expenses. [Dkt. No. 780]

9. On February 17, 2014, RSM filed its Fourth Interim Application of American Express Tax and Business Services, Inc. for Allowance of Compensation and Reimbursement of Expenses as Financial Advisors to the Official Committee of Unsecured Creditors, for the time period of September 1, 2003 through December 31, 2003 (the "Fourth Interim Application"), in which it sought payment of fees in the amount of $6,760.50 and expenses in the amount of $20.60. [Dkt. No. 969] The Fourth Interim Application is incorporated by reference herein. On March 9, 2004, the Court entered and Order allowing RSM $6,760.50 in fees and $20.60 in expenses. [Dkt. No. 970]

10. The following chart is a summary of the fees and expenses previously allowed by the court:

|  | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed |
|---|---|---|---|---|
| First Interim Application (12/5/2002 – 12/31/2002) | $18,650.00 | $68.00 | $16,340.00 | $68.00 |
| Second Interim Application (1/1/2003 – 3/31/2003) | $204,496.50 | $462.55 | $199,421.50 | $462.55 |
| Third Interim Application (4/1/2003 – 8/31/2003) | $75,270.50 | $646.77 | $75,270.50 | $646.77 |
| Fourth Interim Application (9/1/2003– 12/31/2003) | $6,760.50 | $20.60 | $6,760.50 | $20.60 |
| **TOTAL through the Fourth Interim Period** | **$305,177.50** | **$1,197.92** | **$297,792.50** | **$1,197.92** |

### III. SERVICES PERFORMED DURING THE FIFTH INTERIM PERIOD AND CALCULATION OF TIME AND FEES

11. This Application sets forth in detail the work performed by RSM during the Fifth Interim Period. Detailed time entries showing the services provided in the categories that follow

can be found in **Exhibits A, B, and C**. **Exhibit A** is a listing of all time entries in chronological order, **Exhibit B** is a chronological listing of all entries sorted by task, and **Exhibit C** is a chronological listing of all time entries sorted by RSM professional.

12. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred have been for services directly related to this case and were rendered at the request of the Committee and/or its Counsel for the benefit of unsecured creditors and the Debtor's estate. No agreement or understanding exists between RSM and any other person for the sharing of compensation received or to be received in connection with the Debtor's case (other than as disclosed or authorized pursuant to sections 327, 328, 330 and 331 of the Bankruptcy Code).

13. As set forth in the attached exhibits, RSM professionals have spent 331.80 hours from January 1, 2004 to and including June 28, 2016, providing necessary financial advisory services for the Committee. As a result, RSM seeks allowance of the reasonable value of professional services rendered by RSM to the Committee in the Chapter 7 case during the Time Period in the amount of $86,637.50 for actual, necessary financial advisory services performed (**Exhibits A-C**). The average hourly rate is $261. In addition, RSM also seeks allowance of $1,041.07 for actual and necessary expenses incurred in representing the Committee (**Exhibit D**). The expenses in the Application included messenger and delivery services totaling $14.15, photocopies at $0.10 per page totaling $669.20, transportation charges of $66.00, and other expenses totaling $291.72.

14. In preparing this fee application, RSM has calculated the amount of time spent by each professional in performing actual and necessary professional services for the Committee. The hourly rates charged are the hourly rates charged by RSM for comparable services the comparable

5

clients. All services and expenses for which RSM requests compensation and reimbursement were performed and incurred on behalf of the Committee.

15. RSM has not included in the Application any (a) charges that are the result of unnecessary duplication of services, or (b) charges for services that were not either reasonably likely to benefit the Debtor's estate or necessary to the administration of the case. In instances where more than one professional billed for a project, there was a need for multiple professionals' involvement.

16. No compensation has been promised to RSM other than as disclosed or approved by this Court. RSM certifies that there is no agreement between it and any other party regarding the sharing of fees and RSM has not discussed or negotiated the amount of its fees with any party except its client. Finally, RSM represents that it is and remains a disinterested party and does not hold any adverse relationship with this estate.

17. On September 30, 2002, an Order was entered by this Court in support of the Motion of the Debtor for an Administrative Order pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members. Pursuant to that Order, RSM has submitted monthly invoices to the Debtor for the period January 1, 2004 through July 31, 2005, totaling $86,637.50 in professional fees and $1,041.07 in reimbursable expenses. RSM has not yet submitted a monthly invoice relating to the preparation of this fifth interim and final application. To date, RSM has received $-0- in payment of professional fees and $-0- in payment of reimbursable expenses for this time period.

### IV. SUMMARY OF FINAL APPLICATION PERIOD

18. Also included in this Final Fee Application is RSM's request for final allowance and approval of compensation for the reasonable and necessary financial advisory services rendered and reimbursement of actual and necessary expenses for the Final Application Period of December 5, 2002 through June 28, 2016.

19. RSM professionals have spent 1,377.40 hours from December 5, 2002 through June 28, 2016 providing necessary financial advisory services. The blended hourly rate is $279. Attached as **Exhibit E** is the summary of the total hours and compensation by each task during the final application period.

20. Attached as **Exhibit F** is a summary of expenses incurred by category during the Final Application Period.

21. RSM's actual final request for compensation and reimbursement of expenses, which reflect the amounts disallowed by the Court, including any voluntary reductions taken by RSM, total $384,430.00 in fees and $2,238.99 in expenses.

22. No compensation has been promised to RSM other than as disclosed or approved by this Court. RSM certifies that there is no agreement between it and any other party regarding the sharing of fees and RSM has not discussed or negotiated the amount of its fees with any party except its client. Finally, RSM represents that it is and remains a disinterested party and does not hold any adverse relationship with this estate.

### V. CONCLUSION

23. Giving due consideration to the nature of the services rendered, the size of the case, the legal complexities encountered, the experience of RSM, RSM's normal and customary hourly

rates for similar services, the results achieved on behalf of the Committee, and the time devoted by RSM professionals and paraprofessionals in connection with performing professional services for the Committee, RSM respectfully submits that the fees and expenses for which compensation and reimbursement are sought hereby are actual, reasonable and necessary costs of the administration of this Chapter 7 case.

WHEREFORE, the Committee respectfully requests that the Court enter an Order, hereto summarized as follows:

    a. Granting RSM allowance of reasonable compensation for actual, necessary professional services from the period of January 1, 2004, to and including June 28, 2016, in the amount of $86,637.50 ($86,637.50 requested less $-0- paid per administrative order);

    b. Granting RSM allowance of reimbursement of actual, necessary expenses from the period of January 1, 2004, to and including June 28, 2016, in the amount of $1,041.07 ($1,041.07 requested less $-0- paid per administrative order);

    c. Granting RSM allowance on a final basis reasonable compensation for actual, necessary professional services from the period of December 5, 2002, to and including and June 28, 2016, in the amount of $384,430.00;

    d. Granting RSM allowance on a final basis reimbursement of actual, necessary expenses from the period of December 5, 2002, to and including and June 28, 2016, in the amount of $2,238.99;

    e. Authorizing and directing the Trustee to immediately pay RSM the unpaid balance of the total compensation and expenses requested herein; and

f.       Granting such other and further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

RSM US LLP

By: /s/ David Bart

David Bart

FINANCIAL ADVISORS TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

RSM US LLP
David Bart
One South Wacker Drive
Suite 800
Chicago, IL  60606
Telephone:  (312) 634-3400
Facsimile:  (312) 634-3410

Dated:  June 28, 2016