**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| EMERALD CASINO, INC., | ) | |
| Debtor. | ) | Case No.  02 B 22977 |
| | ) | |
| | ) | Hon. Deborah L. Thorne |

<u>**NOTICE OF MOTION**</u>

TO: See attached list

  **PLEASE TAKE NOTICE** that on Thursday, November 19, 2020, at 9:00 a.m., the Trustee will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, and present the motion of Hughes Socol Piers Resnick & Dym, Ltd. as Special Counsel to the Trustee for **HUGHES SOCOL PIERS RESNICK & DYM'S FOURTH INTERIM FEE APPLICATION**, a copy of which is attached.

  **This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitting. To appear and be heard on the motion, you must do the following:

  **To appear by video**, use this link: https://www.zoomgov.com. Then enter the meeting ID.
  **To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID.

  **Meeting ID and password.** The meeting ID for this hearing is 160 9362 1728 – no password required. The meeting ID and further information can also be found on Judge Thorne's web page on the court's web site, www.ilnb.uscourts.gov.

  **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: October 26, 2020

         Respectfully submitted,

         FRANCES GECKER, not individually but as
         Chapter 7 Trustee,

         By:*/s/ Chirag G. Badlani*
          One of her Attorneys

Matthew J. Piers (2206161)
Chirag G. Badlani (6308523)
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
70 W. Madison Street
Chicago, Illinois 60602
Telephone: (312) 604-2606
Facsimile: (312) 604-2607

*Special Counsel to the Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I, Chirag G. Badlani, certify that I caused a copy of the foregoing **Notice of Motion** and

**Hughes Socol Piers Resnick & Dym, Ltd.'s Fourth Interim Fee Application** to be served

upon all counsel of record via e-mail through the Court's ECF notification system on October 26,

2020.

*/s/ Chirag G. Badlani*

**In re Emerald Casino**
**02 B 22977**

**SERVICE LIST**

**VIA ECF NOTIFICATION**:

Allan V. Abinoja on behalf of Interested Party Illinois Gaming Board
aabinoja@atg.state.il.us, rrascia@atg.state.il.us;marnold@atg.state.il.us

R Scott Alsterda on behalf of Creditor Ungaretti & Harris LLP nka Nixon Peabody LLP
rsalsterda@nixonpeabody.com

Michael D Arnold on behalf of Interested Party Illinois Gaming Board
marnold@atg.state.il.us

Salvatore A Barbatano on behalf of Plaintiff The Village of Rosemont
sbarbatano@shawfishman.com, jhampton@shawfishman.com

Courtney E Barr on behalf of Interested Party Village Of Rosemont
cbarr@lockelord.com, chicagodocket@lockelord.com; pwilliams@lockelord.com

William J. Barrett on behalf of Defendant Aaron Jaffe and Jeanette Tamayo, in Their Individual
Capacities
william.barrett@bfkn.com, mark.mackowiak@bfkn.com;ecf-
6ec602372536@ecf.pacerpro.com;william-barrett-bfkn-3622@ecf.pacerpro.com

David E Beker on behalf of Creditor Kevin Larson
dbeker@schwartzcooper.com,
rbendix@schwartzcooper.com;msmith@schwartzcooper.com;rnachman@schwartzcooper.com

Kristin L Carmichael on behalf of Defendant Herbert Holzman
kcarmichael@lymannielsen.com

Timothy R Casey on behalf of Attorney Drinker Biddle & Reath LLP
timothy.casey@faegredrinker.com

Erik W. Chalut on behalf of Attorney Kirkland & Ellis
echalut@kirkland.com, mjawor@loeb.com;chdocket@loeb.com

Barry A Chatz on behalf of Creditor Nicholas Boscarino
barry.chatz@saul.com, jurate.medziak@saul.com

Nathan F Coco on behalf of Defendant Beverly L. Flynn
ncoco@mwe.com

Jerome F Crotty on behalf of Spec. Counsel Clifford Law Offices PC
jcrotty@rieckcrotty.com, bhenry@rieckcrotty.com

John D'Attomo on behalf of Creditor Committee The Official Committee of Unsecured Creditors
jdattomo@nisen.com, cvernola@nisen.com

Amy E Daleo on behalf of Interested Party Village Of Rosemont
adaleo@cohonraizes.com

John S. Delnero on behalf of Creditor Donald F Flynn
jdelnero@pedersenhoupt.com, koblazny@pedersenhoupt.com

John S. Delnero on behalf of Defendant John P. McMahon
john.delnero@klgates.com, koblazny@pedersenhoupt.com

John Dougherty on behalf of Creditor Shaun Gayle
jmdocs@ameritech.net

Devon J Eggert on behalf of Creditor Chaz Ebert
deggert@bcblaw.net, pfoster@bcblaw.net

Frances Gecker
fgecker@fgllp.com,
fgecker@ecf.axosfs.com;csmith@fgllp.com;fgecker@iq7technology.com;ecf.alert+Gecker@title
xi.com

Frances Gecker on behalf of Attorney Joseph D Frank
fgecker@fgllp.com, csmith@fgllp.com

Harley J. Goldstein on behalf of Creditor Chaz Ebert
harleyg@restructuringshop.com, teresag@restructuringshop.com

David B. Goroff on behalf of Attorney Foley & Lardner LLP
dgoroff@foley.com, khall@foley.com

Gordon E. Gouveia on behalf of Creditor Walter P. Hanley
ggouveia@foxrothschild.com, orafalovsky@foxrothschild.com

David Gustman on behalf of Creditor Chaz Ebert
dgustman@freeborn.com, bkdocketing@freeborn.com

Cara A Hendrickson on behalf of Plaintiff Frances Gecker
chendrickson@hsplegal.com,
rortiz@hsplegal.com;mpiers@hsplegal.com;jkarsh@hsplegal.com;vcortez@hsplegal.com;mbarb
osa@hsplegal.com;mrowland@hsplegal.com;gsantos@hsplegal.com;docketing@hsplegal.com

Francis J Higgins on behalf of Defendant John P. McMahon

2

frank.higgins@klgates.com,
christina.danielkiewicz@klgates.com;todd.pentecost@klgates.com;kenneth.rechtoris@klgates.co
m;anthony.relys@klgates.com

Keri Holleb Hotaling on behalf of Plaintiff Frances Gecker
khotaling@jenner.com,
rgraham@jenner.com;docketing@jenner.com;mmatlock@jenner.com;dabelson@jenner.com

Andrew A Jacobson on behalf of 3rd Pty Defendant Richard Levy
ajacobson@bupdlaw.com, ssteinhauer@bupdlaw.com;mortiz@bupdlaw.com

Elizabeth L Janczak on behalf of Creditor Chaz Ebert
ejanczak@freeborn.com, bkdocketing@freeborn.com

Scott Kaplan on behalf of Creditor The Sherri Boscarino Trust
skaplan@cohonraizes.com, msiedlecki@pfs-law.com

Marc Kieselstein on behalf of Attorney Kirkland & Ellis
marc.kieselstein@kirkland.com, Gregory.pesce@kirkland.com

Michael B Kind on behalf of Creditor John P. McMahon
michael.kind@lockelord.com, karen.soto@lockelord.com;ChicagoDocket@lockelord.com

Micah R Krohn on behalf of Accountant Development Specialists Inc
mkrohn@fgllp.com, csmith@fgllp.com;mmatlock@fgllp.com;csucic@fgllp.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Theodore Low on behalf of Creditor Williams Montgomery & John Ltd
tjl@willmont.com, cbm@willmont.com;saf@willmont.com;janice@willmont.com

Theodore Low on behalf of Defendant Peer Pedersen, et al
tjl@willmont.com, cbm@willmont.com;saf@willmont.com;janice@willmont.com

John J Lynch on behalf of Creditor International Transport Systems, Inc.
jlynch@lynch4law.com,
sgregorowicz@lynch4law.com;r44065@notify.bestcase.com;flynch@lynch4law.com;ctovar@ly
nch4law.com

Kevin R Malloy on behalf of Debtor 1 Emerald Casino Inc
kmalloy@fordeltd.com, kbrubaker@fordeltd.com;kforde@fordeltd.com;jdriscoll@fordeltd.com

Kevin R Malloy on behalf of Defendant John P. McMahon
kmalloy@fordeltd.com, kbrubaker@fordeltd.com;kforde@fordeltd.com;jdriscoll@fordeltd.com

Bryan E. Minier on behalf of Creditor Peer Pedersen
bryan.minier@lathropgpm.com, maria.vargas@lathropgpm.com;sujey.lara@lathropgpm.com

Nicole Mueller on behalf of Claims/Noticing Agent K&L Gates LLC.
nicole.mueller@klgates.com, litigation.docketing@klgates.com

Jill L Nicholson on behalf of Plaintiff The Village of Rosemont
jnicholson@foley.com

Sven T Nylen on behalf of Attorney Kirkland & Ellis
snylen@beneschlaw.com, dblanton@beneschlaw.com

Megan Preusker on behalf of Creditor Estate of Donald F. Flynn
mpreusker@mwe.com

Mark E Rakoczy on behalf of Interested Party Skadden, Arps, Slate, Meagher & Flom LLP
mark.rakoczy@skadden.com, chdocket@skadden.com

Brian Raynor on behalf of Interested Party Village Of Rosemont
braynor@lockelord.com, docket@lockelord.com

Craig E. Reimer on behalf of Creditor Kevin F Flynn
creimer@mayerbrown.com, 2682298420@filings.docketbird.com

Christopher L. Rexroat on behalf of Attorney Ungaretti & Harris LLP
clrexroat@uhlaw.com

Peter J Roberts on behalf of Interested Party Shaw Gussis Fishman Glantz Wolfson &
Towbin LLC
proberts@cozen.com, peter-roberts-1301@ecf.pacerpro.com;cknez@cozen.com

Jeffrey M Schwartz on behalf of Attorney Gardner Carton & Douglas LLP
jschwartz@muchshelist.com, wballinger@muchlaw.com

Michael S. Shapiro on behalf of Interested Party Hopkins & Sutter
mss@tomlinsonshapiro.com, shapisto@hotmail.com

Sally Siconolfi on behalf of Creditor Committee American Express Tax and Business
Service Inc.
siconolfi.sally@arentfox.com

Aaron C Smith on behalf of Interested Party Village Of Rosemont
asmith@lockelord.com, chicagodocket@lockelord.com

William P Smith on behalf of Creditor Estate of Donald F. Flynn
wsmith@mwe.com

William P Smith on behalf of Respondent Donald F. Flynn 1993 Trust
wsmith@mwe.com

Miriam R Stein on behalf of Creditor The Sherri Boscarino Trust
mstein@gutnicki.com

Eric E. Walker on behalf of Respondent Midwest Gaming & Entertainment, LLC
ewalker@perkinscoie.com,
Docketchi@perkinscoie.com,rleibowitz@perkinscoie.com,ericwalker-
5530@ecf.pacerpro.com

Andrew E Weissman on behalf of Attorney Drinker Biddle Gardner Carton
Andy.Weissman@sfnr.com, olivia.fuentes@sfnr.com;docket@sfnr.com

Zane L Zielinski on behalf of Accountant Alan D Lasko
zzielinski@wfactorlaw.com, fax@zanezielinski.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| EMERALD CASINO, INC., | ) | Case No.  02 B 22977 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:   Hughes Socol Piers Resnick & Dym, Ltd.

Authorized to Provide
Professional Services to:  Trustee

Date of Order Authorizing Employment:   November 12, 2008 effective as of October 7, 2008

Period for Which
Compensation is sought:  April 19, 2019 through October 20, 2020

Amount of fees sought:   $2,440,265.62

Amount of Expense
Reimbursement sought:   $65.00


This is an:              Interim Application   X     Final Application  ___

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:  First Interim Fee Application dated 2/23/2016 (Bankr. Dkt. 2173); Second Interim Fee Application dated 10/5/2016 (Bankr. Dkt. 2224); Third Interim Application dated 04/24/19 (Bankr. Dkt. 2276).

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:  $24,098,526.76

Dated: October 26, 2020

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| EMERALD CASINO, INC., | ) | Case No.  02 B 22977 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |

## HUGHES SOCOL PIERS RESNICK & DYM, LTD.'S
## FOURTH INTERIM FEE APPLICATION

Frances Gecker, not individually but as chapter 7 Trustee for Emerald Casino, Inc. (the "**Trustee**") respectfully requests, pursuant to 11 U.S.C. §§ 328, 330 and 331, that the Court enter an Order awarding interim compensation to her special counsel, Hughes Socol Piers Resnick & Dym, Ltd. ("**HSPRD**"), and states:

### BACKGROUND

1. On June 13, 2002, certain creditors filed an involuntary bankruptcy petition against Emerald Casino, Inc. ("**Emerald**") seeking to have Emerald found to be a debtor in a case under chapter 7 of title 11 of the United States Code.

2. On September 10, 2002, Emerald consented to the involuntary bankruptcy petition and converted the involuntary chapter 7 petition to a chapter 11 case, which bankruptcy case has been and remains pending in the United States Bankruptcy Court for the Northern District of Illinois as Case No. 02 B 22977 (the "**Bankruptcy Case**").

3. In 2002, Emerald held the so-called "Tenth Riverboat License," which due to legislation that was passed in 1999 allowed Emerald to open a riverboat casino anywhere it wanted in the State of Illinois, including Cook County.  Emerald was in the midst of an administrative hearing challenging the Illinois Gaming Board's decision to revoke Emerald's very valuable gaming License and the bankruptcy filing delayed that hearing for a number of

years.  Eventually after Emerald failed to abide by a settlement agreement, the administrative

hearing resumed, and the Administrative Law Judge Abner Mikva recommended revocation of

the License.  The IGB accepted Judge Mikva's recommendation.  Emerald appealed to the

Illinois Appellate Court and lost that appeal.  The Illinois Supreme Court denied Emerald's

petition for leave to appeal in December 2007 and Emerald lost its License.

4.     On March 19, 2008, the Bankruptcy Court converted the Bankruptcy Case to one

under chapter 7 of title 11 of the United States Code.

5.     On March 21, 2008, the United States Trustee appointed the Trustee as the

interim chapter 7 trustee and the Trustee subsequently became the permanent case trustee.

6.     On November 12, 2008, the Bankruptcy Court authorized the Trustee to hire

**HSPRD** and Jenner & Block, LLP ("**Jenner**") as her special counsel to bring litigation against

Donald F. Flynn, Kevin F. Flynn, Peer Pedersen, Walter Hanley, Joseph McQuaid, John

McMahon and Kevin Larson (collectively, "**Defendants**"). (Dkt. 2022.)

7.     On November 25, 2008, the Court entered an Order pursuant to 11 U.S.C. § 328,

authorizing HSPRD's and Jenner's retentions on the same contingent fee basis for each firm.

(Dkt. 2028.)   Specifically, the Order authorized that HSPRD was to receive 22.5% of the

"recovery or consideration received on account of any claims brought against" the Defendants

and that Jenner was to receive 22.5% of the "recovery or consideration received on account of

any claims brought against" the Defendants.

### SPECIAL COUNSEL'S SERVICES

#### A.     Pre-Judgment Services

8.     On December 1, 2008, the Trustee filed suit against the Defendants, which suit

was docketed as Adversary Proceeding Case No. 08 A 00972.  The Trustee alleged that the

Defendants breached a Shareholders' Agreement which obligated them to obey the Illinois Riverboat Gambling Act and the IGB's Rules. She also asserted a claim for breach of fiduciary duty and to recharacterize or equitably subordinate certain claims filed by the Defendants against the Emerald estate. The basis of the Trustee's lawsuit was the IGB's ruling and that of the Illinois Appellate Court both holding that the Defendants violated numerous IGB Rules resulting in the revocation of Emerald's very valuable gaming license.

9.    The litigation was very contentious and very lengthy. HSPRD and Jenner reviewed all of Emerald's files and those of the IGB and produced 21,439 pages of documents and participated in forty-two depositions. Prior to the trial held in the Bankruptcy Court, the Bankruptcy Court considered and decided three motions to dismiss, five separate summary judgment motions, thirty-six separate discovery motions, and sixteen motions in limine, and other pre-trial motions. Defendants also filed four interlocutory appeals, which were fully briefed and denied before the trial began. In addition, the Bankruptcy Court required the filing of a pre-trial statement and numerous other pre-trial filings. In addition, the Bankruptcy Court abstained from hearing certain assigned state law claims and HSPRD and Jenner represented the Trustee in the state court litigation.

10.    The Bankruptcy Court conducted a trial on eighteen days between November 1 and December 14, 2010. Following the close of the evidence, HSPRD and Jenner submitted extensive post-trial findings of fact and conclusions of law. HSPRD and Jenner also filed a reply to the Defendants' filings along with replies to sur-replies filed by the Defendants.

11.    After briefing was complete, Defendants moved to withdraw the reference and to recuse the Bankruptcy Judge presiding over the case. HSPRD and Jenner handled the briefing

on those matters, which included two requests by the Defendants for a writ of mandamus from the Seventh Circuit.

12.     On January 31, 2012, the United States District Court for the Northern District of Illinois withdrew the reference of Adversary Proceeding Case No. 08 A 00972 and docketed the adversary proceeding in the District Court as Civil Case No. 11 cv 4714 (the "**Lawsuit**").

13.     Following the withdrawal of the reference, the District Court allowed the Defendants to file five post-trial summary judgment briefs on five different issues, which the District Court denied after full briefing.   The parties also engaged in mediation during the summer of 2012.   At the Defendants' request, the District Court also reopened the trial record and conducted seventeen days of additional evidentiary hearings between December 2012 and March 2013.   Following the second trial, the Court allowed new post-trial briefing and also conducted a full-day closing argument in July 2013.

14.     On September 30, 2014, the District Court entered a 289-page Memorandum Opinion and Order ruling for the Trustee on her breach of contract claim against all of the Defendants except Peer Pedersen.   (Distr. Dkt. No. 285).   Specifically, in its September 30, 2014 decision the District Court ruled that each Defendant (other than Peer Pedersen) was liable to the Trustee on Count II of the Complaint for breach of the Emerald Shareholder Agreement and that the damages caused by the breach were $272,000,000.00.   Although the District Court held that each Defendant was fully responsible for this loss, the District Court stated that it intended to enter judgment in the amount of $45,333,333.33 against each of the Defendants it found liable, but also ruled that no Defendant had a right of contribution from any other Defendant.   The District Court further stated that it would rule for the Defendants on Count I (breach of fiduciary duty) and Count IV (equitable subordination of Defendants' Proofs of Claim).

15.     Following that decision, the District Court re-opened the briefing on the remaining counts of the Trustee's Third Amended Complaint.  On April 21, 2015, the District Court issued a Memorandum Opinion and Order in which it stated it would enter judgment for the Trustee on Counts III (§502(d) disallowance) and Count VI (claims disallowance) and for the Defendants on Count V (recharacterization).  (Dist. Dkt. No. 365.)  The District Court denied the Trustee's motion for a Rule 54(b) judgment and left open one affirmative defense related to only one defendant, Donald Flynn.

16.     While this additional briefing was taking place, HSPRD, Jenner, and the Trustee participated in mediation between December 2014 and January 2016 before the Honorable Magistrate Judge Jeffrey Gilbert.

17.     On November 4, 2015, the Trustee entered into a settlement agreement with Walter Hanley pursuant to which he agreed to pay the Trustee $7 million over time.

18.     On January 13, 2016, the Trustee entered into a settlement agreement with the Estate of Donald F. Flynn pursuant to which Mr. Flynn's Estate agreed to pay the Trustee $45,333,333.33.

19.     The District Court withdrew the reference of both motions to approve those settlements and entered orders on January 11, 2016 and February 11, 2016 approving those settlements.

### B.     Post-Judgment Appeal

20.     On January 12, 2016, the District Court entered final judgments against the remaining non-settling Defendants except Peer Pedersen.  Those Defendants other than Peer Pedersen appealed and the Trustee cross-appealed.  The Trustee also appealed from the judgment in favor of Peer Pedersen.  Jenner and HSPRD handled the appellate briefing.

21.     On August 11, 2017, the United States Court of Appeals for the Seventh Circuit affirmed its liability ruling but also reversed in part holding that each Defendant except Peer Pedersen was liable for the full amount of the damage caused to Emerald.  On October 17, 2017 the District Court entered a joint and several judgment against the remaining defendants: the Estate of Kevin F. Flynn, Kevin D. Larson, John P. McMahon, and Joseph F. McQuaid in the amount of $272,000,000 less settlements made to date for a total of $219,666,666.66 (the "**Judgment**").

   C.     **Post-Judgment Collection Proceedings**

      1.     **Citations Against Kevin Flynn's Estate**

22.     Defendant Kevin Flynn died before judgment was entered and judgment was entered against his Estate. His widow, Susan F. Flynn took the position that the Estate was judgment-proof even though at the time of his death, Kevin Flynn was the beneficiary of an alleged spendthrift trust holding substantial funds and properties.

23.     In May, 2016, the Trustee initiated supplementary proceedings against Susan F. Flynn, the Appointive Trust (the "**Appointive Trust**") as successor to the Kevin F. Flynn June, 1992 Non-Exempt Trust, and the Kevin F. Flynn June, 1992 Non-Exempt Trust ("**1992 Trust**") and others to collect her Judgment against the Estate of Kevin F. Flynn (the "**Estate**").

24.     The supplementary proceedings against the Estate also were very contentious and lengthy, taking two full years to obtain Kevin Flynn's financial and accounting records and to piece together his complex financial life.  To obtain all of Kevin Flynn's financial records, HSPRD and Jenner were required to issue 45 citations to discovery assets to individuals and entities who had financial records and other information about Kevin Flynn's financial affairs. HSPRD and Jenner reviewed more than 493,000 pages of financial records and related

documents and participated in nineteen citation/fact depositions and seven expert depositions.  In addition, as occurred in the underlying case, the Trustee's counsel were required to file 10 motions to compel and to defend against the Flynn Estate's motion to stay the citations and to prevent the Trustee from proceeding with her citations in the federal court.

25.    As a result of HSPRD and Jenner's investigation on behalf of the Trustee, two assets were discovered and identified as available for distribution to creditors: (1) certain LKQ stock that transferred to Susan outside of probate upon Kevin's death; and (2) the assets in the alleged spendthrift trust.

26.    On August 11, 2017, HSPRD and Jenner filed on behalf of the Trustee a "Motion To Compel Turnover Of Property In Satisfaction Of Judgment and on February 1, 2018, the Trustee filed a "Renewed Motion For Turnover Of Fraudulent Transfer Of LKQ Stock" ("**LKQ Turnover Motion**").  After briefing and oral argument, on June 13, 2018, the Court granted the Trustee's turnover motion for certain options and restricted share units of LKQ stock or their cash equivalent") and entered an order directing Susan to turnover such options and restricted share units of LKQ stock or their cash equivalent to the Trustee (the "**LKQ Stock Turnover Order**").

27.    Susan Flynn appealed the LKQ Stock Turnover Order. Following her appeal, Susan Flynn was required to deposit $2.1 million with the Clerk of the District Court for the benefit of the Trustee.  This appeal was fully briefed, and the Seventh Circuit heard argument on February 6, 2019.  The appeal was under advisement at the time of the settlement with Susan Flynn.

28.    On June 4, 2018, HSPRD and Jenner on behalf of the Trustee filed a "Motion to Compel Turnover of the Assets of Kevin Flynn's Alleged Spendthrift Trust and For Entry of a

Judgment against Susan Flynn" (the "**Trust Turnover Motion**").  In the Trust Turnover Motion, the Trustee alleged that the 1992 Trust was not a valid spendthrift trust and that Susan Flynn should be required to turnover to the Trustee an amount equal to the value of the assets held in the 1992 Trust as of August 12, 2013, the date on which Kevin Flynn died.

29.     Contemporaneously with filing the Trust Turnover Motion, HSPRD and Jenner on behalf of the Trustee filed a Motion To Place Restrictions On Susan Flynn's Continued Dissipation of Assets And For Injunctive And Other Relief seeking to enjoin Susan Flynn from spending the 1992 Trust assets.  During HSPRD and Jenner's investigation on behalf of the Trustee, the Trustee learned that Susan Flynn had violated the citation injunction. On June 11, 2018, the District Court entered an Order enjoining Susan from making any distributions from the Appointive Trust without prior approval of the Court.

30.     On July 30, 2018, Susan Flynn's adult children, Donald F. Flynn, Shannon E. Flynn and Brendan E. Flynn (the "**Flynn Adult Children**"), filed a motion to intervene in the case.  (Distr. Dkt. 797.)  The motion was opposed by HSPRD and Jenner on behalf of the Trustee.  The District Court held a hearing on August 2, 2018 and denied the motion as untimely.  (Distr. Dkt. 800.)  The Flynn Adult Children appealed.  On January 2, 2019, the Appellate Court affirmed.  (Appeal No. 18-2862; Dkt. 31.)  HSPRD and Jenner handled the appellate briefing.

31.     The District Court began an evidentiary hearing on the Trust Turnover Motion on January 15, 2019.  In the midst of the evidentiary hearing, after the Trustee had presented the testimony of her two experts and of five adverse witnesses, Susan Flynn asked the Trustee to participate in a day of mediation which the parties did on February 8, 2019 before Magistrate Judge Gilbert. During that session, they reached an agreement in principle to resolve the matter.

32.     On March 4, 2019, the Trustee and Susan Flynn, in her various capacities, entered into a settlement agreement pursuant to which she agreed to pay the Trustee $50,500,000.00 and to permanently withdraw unsecured claims totaling $66,524.38.  On March 6, 2019, the District Court withdrew the Trustee's Motion To Approve Settlement Agreement With Susan F. Flynn, The Estate Of Kevin F. Flynn, And Related Parties and on April 1, 2019, the District Court approved the settlement motion.

### 2.     Citations Against John McMahon

33.     On December 1, 2016, HSPRD and Jenner on behalf of the Trustee issued a citation against John McMahon. HSPRD and Jenner examined McMahon and obtained financial records from him.  On April 13, 2017, the District Court entered an Agreed Order pursuant to which Mr. McMahon has paid a portion of his monthly income to the Trustee each month.  On October 14, 2020, the District Court entered an Order approving a compromise with Mr. McMahon pursuant to which he agreed to pay the estate an additional $75,000 in six monthly installments starting on August 10, 2020 and to permanently withdraw his proof of claims against the estate totaling $1,078,750.09. In total Mr. McMahon has paid the Trustee to date $180,000.00 and has agreed to pay an additional $37,500 which will come due after the filing of this fee petition.

### 3.     Citations Against Brian And Robert Flynn.

34.     As a result of discovery into Kevin Flynn's finances, the Trustee discovered that Brian Flynn and his Trust had paid 1/3 of all of Donald and Kevin's Flynn's legal expenses related to the Trustee's lawsuit and had paid 1/3 of all other Emerald-related litigation expenses and settlements that Donald Flynn had made with various individuals other than the Trustee. As a result, the Trustee issued citations to discover whether an indemnification agreement existed

that might be a source of recovery against which she could collect her judgment. As a result of that citation, over the objection of Brian Flynn's counsel, the District Court ordered the production of a Joint Defense Agreement related to the Trustee's lawsuit which referenced an indemnification agreement.

35.    The Trustee initiated discussions with Defendant Joseph McQuaid who acknowledged for the first time that there was an indemnification agreement and that he and the other defendants and the Flynns treated the indemnification covering the Payton Plaintiff litigation as covering the Trustee's lawsuit. Prior to Mr. McQuaid's acknowledgment of this fact, the Flynns and the other defendants took the position that the Flynns had not indemnified the other defendants against damages in the Trustee's lawsuit.

36.    With this acknowledgment and the financial discovery from the citations against Kevin Flynn, the Trustee understood that Brian Flynn was in fact obligated for 1/3 of the indemnification obligation. As a result, she undertook efforts to secure the agreement of Mr. McQuaid and defendant Kevin Larson so that she could pursue indemnification in their names against Brian Flynn, and his trust and the trustee of his trust, Robert Flynn.  Ultimately, Kevin Larson filed his own chapter 7 petition and one of the Trustee's lawyers was elected his trustee. The Emerald Trustee participated in a Rule 2004 examination of Mr. Larson and drafted an adversary complaint objecting to the discharge of the judgment against him.

37.    Standing in the shoes of Mr. McQuaid and Mr. Larson, the Emerald Trustee and Kevin Larson's trustee made a demand on Brian Flynn to honor the indemnification agreement. The parties had several settlement conversations and ultimately agreed that they should mediate the dispute. The District Court referred the matter to Magistrate Judge Gilbert who negotiated a

settlement of the claim for $10,750,000. In addition, unsecured claims totaling $548,182.62 were permanently withdrawn. On October 14, 2020, the District Court approved the settlement.

\*\*\*

38.     As a result of HSPRD and Jenner's work to date, the Trustee has collected a total of $116,813,705.33 and obtained the withdrawal of administrative claims totaling $3,050,372.00 and unsecured claims totaling $36,854,646.74.

### FEES REQUESTED

**A.     First, Second, And Third Interim Applications.**

**1.     First Interim Application.**

39.     On February 16, 2016, the Estate of Donald F. Flynn paid its settlement payment of $45,333,333.33. On February 22, 2016, Walter Hanley paid the first installment of his settlement in the amount of $1,500,000.00. In addition, the Estate of Donald F. Flynn withdrew a chapter 11 administrative expense claim totaling $3,050,372.00. Thus, in total, as of February 22, 2016, the Trustee had recovered consideration in the amount of $49,883,705.33 as a result of the services performed by HSPRD and Jenner. In addition, under the settlements, the Estate of Donald F. Flynn, certain Flynn related persons and Walter Hanley withdrew general unsecured claims totaling $35,709,372.27. Neither HSPRD nor Jenner sought compensation on the value of those unsecured claims withdrawals, but will do so when the value of such withdrawals can be determined with accuracy.

40.     Pursuant to the Court's November 25, 2008 Order, on February 23, 2016 HSPRD petitioned for compensation under its contingent fee agreement with the Trustee in the amount of $11,223,833.69 (22.5% of $49,883,705.33 received through February 22, 2016) plus

11

reimbursement for its reasonable and necessary expenses. In a separate fee petition, Jenner also sought fees in the same amount, plus reimbursement for its reasonable and necessary expenses. On March 15, 2016, the Court awarded both firms interim compensation and reimbursement of their expenses. (Dkts. 2180, 2181)

### 2.    Second Interim Application.

41.    On September 24, 2016, Walter Hanley paid the balance of his settlement, an additional $5.5 million in cash. On October 5, 2016, HSPRD petitioned for compensation under its contingent fee agreement with the Trustee in the amount of $1,237,500 (22.5% of $5,500,000) plus reimbursement for its reasonable and necessary expenses. In a separate fee petition, Jenner also sought fees in the same amount, plus reimbursement for its reasonable and necessary expenses. On November 9, 2016, the Court awarded both firms interim compensation and reimbursement of their expenses. (Dkts. 2227, 2226.)

### 3.    Third Interim Fee Application.

42.    On April 18, 2019, the District Court ordered that the $50,500,000 settlement payment be released to the Trustee from the clerk of court. (Distr. Dkt. 932.) Additionally, since April 13, 2017, the Trustee has been garnishing the wages of Defendant John McMahon, and has collected a total of $84,375.00 to date. Pursuant to HSPRD's contingent fee agreement, it petitioned the Court for $11,381,484.38 in compensation (22.5% of $50,584,375.00 received through April 19, 2019). Jenner also requested compensation in the same amount. On May 23, 2019, the Court awarded both firms interim compensation and reimbursement of their expenses. (Dkts. 2289, 2291.) In addition, under the settlement, the Estate of Kevin Flynn withdrew general unsecured claims totaling $66,524.38. Neither HSPRD nor Jenner sought compensation

on the value of those unsecured claims withdrawals, but will do so when the value of such withdrawals can be determined with accuracy.

    **B.**    **Fourth Interim Fee Application.**

43.    On October 16, 2020, the Trustee received the $10,750,000 settlement payment from Brian Flynn. In addition, during the Compensation Period of the Fourth Interim Fee Application, the Trustee has collected $95,625 from John McMahon.  Pursuant to HSRD's contingent fee agreement, it is entitled to $2,440,265.62 in compensation (22.5% of $10,845,625.00 received through October 16, 2020).  Jenner also will request compensation in the same amount.  In addition, under the settlements, Kevin Larson and Joseph McQuaid have permanently withdrawn general unsecured claims totaling $548,182.62. Neither HSPRD nor Jenner sought compensation on the value of those unsecured claims withdrawals, but will do so when the value of such withdrawals can be determined with accuracy.

44.    Section 328(a) provides:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

45.    When a bankruptcy court approves a contingent fee under § 328, the bankruptcy court should award that fee absent "intervening circumstances that were *incapable* of anticipation by the bankruptcy court *at the time it approved the award*."  *In re Barron*, 325 F.3d

690, 694 (5th Cir. 2003) (emphasis added); *accord In re Gilbertson*, No. 06-C-610, 2007 WL

433096 at *5 (E.D. Wisc. Feb. 4, 2007) (holding that whether the eventual outcome of the

litigation was "unanticipated" by the court is irrelevant; the test is whether the subsequent events

were capable of being anticipated).   Courts are hesitant to revise contingency fee agreements

because "revisiting a preapproved contingency agreement ... would discourage others ... from

undertaking similar high risk, complex, commercial litigation." *In re Merry-Go-Round Enter.*,

244 B.R. 327, 337-38  (D. Md. 2000).

46.    Here, both HSPRD and Jenner have earned their contingent fees in this case.  In

total HSPRD has spent 25,536.80 hours on prosecuting the Trustee's adversary proceeding to

judgment and collecting the judgment.  Both the litigation on the merits and the supplementary

proceedings in this case were very contentious, with the Flynns and their representatives, taking

the position that, despite their wealth, any judgments against them were uncollectable. The

Trustee was faced with blatant misrepresentations about the Flynns' finances and obligations to

the other defendants and numerous attempts to prevent the Trustee from discovering the true

financial record. Just one example involved the existence of general ledgers for Kevin Flynn's

trust. After being told no such documents exited and being forced to recreate a ledge of Kevin

Flynn's financial activity, during trial an accountant for a family member testified that she had,

in fact, maintained ledgers on her computer. After being told for years that the Flynns had not

indemnified the other defendants, the Trustee uncovered evidence showing otherwise. In short,

Trustee's counsel has more than earned their fees in this case which has spanned twelve years,

involved three multi-week evidentiary hearings, three appeals to the Seventh Circuit, multiple

appeals from the bankruptcy court to the district court, and massive amounts of discovery.

During the time frame of this application, between April 19, 2019 and October 16, 2020,

Document      Page 24 of 26

HSPRD's attorneys and paraprofessionals who worked on this case spent in total 146.10 hours. The individuals who have worked on this matter during that time frame and the hours they have spent are set forth in Exhibit A hereto.[1]

47.    The primary attorneys who worked on this case during this time period are:

a.    **Matthew J. Piers**. Mr. Piers is a shareholder and the president of HSPRD. He is a 1974 graduate of the University of Chicago Law School, a fellow of the American College of Trial Lawyers, and has extensive experience handling complex litigation in courts throughout the country. Mr. Piers has worked on this case since its inception, and indeed worked on the predecessor litigation before then, having filed a prior lawsuit against the same defendants in January 2000 on behalf of the minority and women investors in the Emerald Casino [*Payton, et al. v. Flynn, et al.*, 06-cv-00465 and *Gecker v. Flynn, et al.*, 2007 L 011989]. In October 2008, the claims in the *Payton* litigation were assigned to the Trustee, and since that time, Mr. Piers has represented the Trustee in this litigation.

b.    **Chirag G. Badlani**. Mr. Badlani has worked on this case since its inception and is a partner in HSPRD's litigation department. He is a 2008 graduate of the New York University School of Law, magna cum laude, and a former law clerk to the Honorable Ann Claire Williams, United States Court of Appeals for the Seventh Circuit.

---

[1] Because this is a contingent fee case and because litigation against certain of the Defendants is on-going, the Trustee requests that counsel be relieved of any requirement to file hourly time records which are extremely voluminous, would require heavy redactions and are irrelevant to the contingent fee calculation.  Notwithstanding the fact that this is a contingent fee case, HSPRD also has exercised billing judgment and is not reporting all of the hours its attorneys and paraprofessionals spent on this case, eliminating for example, hours for timekeepers who spent *de minimus* time on spot assignments, time spent by HSPRD's technology staff, and certain other similar time entries.

48.     In addition to these primary working attorneys, a number of other HSPRD

attorneys and paralegals worked on this matter as needed.

## REPRESENTATIONS AND NOTICE

49.     All of the services for which compensation is sought were rendered to the Trustee

solely in connection with this case and not on behalf of any individual creditor or other person.

50.     HSPRD has not entered into any agreement, express or implied, with any other

party for the purpose of fixing or sharing fees or other compensation to be paid for professional

services rendered in these cases.

51.     HSPRD has not shared, nor agreed to share (a) any compensation it has received

or may receive with another party or person, other than with the members, counsel and associates

of the firm, or (b) any compensation another person or party has received or may receive.  No

promises have been received by Jenner or any member thereof as to compensation in connection

with these cases other than in accordance with the provisions of the Bankruptcy Code.

52.     HSPRD respectfully submits that the services for which it seeks compensation in

this Application were, at the time rendered, necessary for and beneficial to the administration of

the Debtor's estate.  Jenner further submits that the compensation requested herein is reasonable

in light of the nature, extent, and value of such services provided to the Trustee.

53.     This is HSPRD's fourth interim fee application.  HSPRD proposes that the fees it

seeks be allowed and paid from the settlement amounts that the Trustee has received from Briand

Flynn and John McMahon.

54.     The Trustee has provided 21-days' notice of the hearing on this Application to all

creditors, shareholders, and counsel of record.  Previously, the Court provided twenty-one days'

notice of the hearing on the application to approve the contingent fee agreements with HSPRD

and Jenner to all creditors, shareholders and counsel of record.  She also provided twenty-one

days notice of the hearing to approve each of five settlement agreements to all creditors,

shareholders, and counsel of record.

## CONCLUSION

WHEREFORE HSPRD respectfully requests that the Court enter an Order allowing

HSPRD to receive interim compensation to for services rendered during the Compensation

Period in the amount of $2,440,265.62, and authorizing the Trustee to pay the amounts that are

allowed and granting such other relief as may be just or proper.


Dated: October 26, 2020                 Respectfully submitted,

                                        FRANCES GECKER, not individually but as
                                        Chapter 7 Trustee,


                                        By:*/s/ Chirag G. Badlani*
                                            One of her Attorneys

Matthew J. Piers (2206161)
Chirag G. Badlani (6308523)
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
70 W. Madison Street
Chicago, Illinois 60602
Telephone: (312) 604-2606
Facsimile: (312) 604-2607

*Special Counsel to the Trustee*

17